IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SALVADOR F. MUSTELIER,

    Petitioner,

vs.                                      CASE NO. 5:09CV210-SPM/AK

JACKSON CORRECTIONAL
INSTITUTION, WARDEN,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1. Petitioner, who is presently in state custody in this district under a life sentence imposed by the Circuit Court of Dade County, Florida, seeks to use § 2241 because § 2254 is "inadequate or ineffective" since he has been denied relief on a previously filed habeas petition and the Eleventh Circuit has twice refused to allow him to file a successive petition. Doc. 1.  Though § 2241 is the general habeas corpus statute, any relief solely thereunder is reserved for those instances in which the petitioner is not "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), such as where a pretrial detainee complains that his detention violates the Constitution or laws of the United States.  *Medberry v. Crosby*, 351 F.3d

1049, 1060 (11th Cir. 2003).  Where the petitioner is in fact "in custody pursuant to the judgment of a State court," such as instant Petitioner, his petition is subject to the additional requirements of § 2254, such as exhaustion and timeliness.  *Id*. at 1062.  Otherwise, § 2254 "would never be used or applied," *id*. at 1061, and "would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing '§ 2241' on his petition for federal post-conviction relief."  *Id*. at 1060-61.

In short, instant Petitioner, who is clearly in custody pursuant to a state court judgment, may not bypass the requirements of § 2254 and file a § 2241 petition simply because he has not received any habeas corpus relief.  Furthermore, the fact that his previous attempts at habeas relief have been unsuccessful does not mean that § 2254 is inadequate or ineffective, only that Petitioner is not entitled to relief under that statute.

Petitioner has also invoked the All Writs Act.  Section 1651 of Title 28, the All Writs Act, provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  The All Writs Act

> is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.  Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 43 (1985).

Furthermore, any remedy under § 1651 is "an 'extraordinary' remedy, issued in the discretion of the court, and should not issue unless the person seeking the writ has no other adequate means of

**No. 5:09cv210-spm/ak**

seeking the relief he desires." *United States v. Williams*, 158 Fed. Appx. 249, 251 (11th Cir. 2005).

Section 2254 is intended to be used when a state prisoner claims that he is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), which entirely encompasses each of Petitioner's claims on this occasion. *See also United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (defective indictment does not deprive court of jurisdiction). In this Court's view and despite Petitioner's protestations to the contrary, his present allegations are plainly the type appropriate for consideration under § 2254, and therefore, habeas relief under § 1651 is not available. Though Petitioner does not mention the writ of *error coram nobis*, which is permitted under the All Writs Act, he is not entitled to such relief since he is presently incarcerated. *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999).

Because Petitioner has previously sought and been denied § 2254 relief, he may not file another habeas petition without prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2244(b)(3) & 2255. Even then, a second or successive motion will not be allowed by the appellate court absent newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255, none of which is at issue here.

Because § 2254 "specifically addresses the particular issue[s] at hand, it is that authority, and not § 2241 or the All Writs Act, that is controlling," and this cause should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas

**No. 5:09cv210-spm/ak**

corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1651 be **DENIED**, and this cause be

**DISMISSED WITHOUT PREJUDICE**.

      **IN CHAMBERS** at Gainesville, Florida, this  *22nd*  day of June, 2009.

                                  *s/ A. KORNBLUM*
                                  **ALLAN KORNBLUM**
                                  **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

      **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:09cv210-spm/ak**